20382

Edward W. HELFRICH, Appellant, v. BRASINGTON SAND AND GRAVEL COMPANY, Respondent.

(233 S. E. (2d) 291)

*Messrs. John P. Gardner,* and *John P. Gardner, Jr.,* of Darlington, and *C. R. Parrott,* of Florence, *for Appellant,*

*Hugh L. Wilcox, Jr.,* of *Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* and *R. L. Kilgo,* of *Kilgo & Want,* Darlington, *for Respondent,*

March 14, 1977.

GREGORY, Justice:

Appellant Helfrich brought this negligence action for personal injuries. Respondent Brasington denied any acts of

negligence on its part and alleged that Helfrich was solely and contributorily negligent. During the course of the trial the judge charged the jury that Section 46-483 of the 1962 Code was applicable to vehicles such as that operated by Helfrich. Subject to certain exceptions, that section, part of the Uniform Act Regulating Traffic, prohibits any person from stopping or parking a vehicle at specified places, including upon any bridge. The jury returned a verdict for Brasington and Helfrich appeals, excepting to the trial judge's charge. We find no error and affirm.

At the time of the accident Helfrich was an employee of the S. C. Pollution Control Authority. He parked an Authority van in the southbound lane of a bridge at a point near a "U. S. geological survey station." He intended to take water samples and analyze them with laboratory equipment in the van. After turning on the rear flasher lights and the revolving yellow light on the dash, Helfrich got out of the van on the driver's side. Respondent's truck was traveling south and while passing around the van, it hit Helfrich.

Section 46-483, S. C. Code (1962) provides in pertinent part:

No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places:

(13) Upon any bridge or other elevated structure upon a highway or within a highway tunnel.

In his appeal Helfrich relies on Section 63-195.8 (S. C. Code [Cum. Supp. 1975]), which he says authorized him to stop on a bridge to carry out Authority work, and which therefore brought him into "compliance with law" and removed him from the violation of Section 46-483. Section 63-195.8 is part of the Pollution Control Act of 1970, which invests the Authority with the

duty of controlling pollution in the State. The section enumerates powers of the Authority.

Section 63-195.8, S. C. Code (Cum. Supp. 1975) provides in pertinent part:

The Authority may:

(6) Conduct studies, investigations and research with respect to pollution abatement, control or prevention. Such studies shall include but not be limited to, air control, sources, disposal systems and treatment of sewage, industrial waste or other wastes, by all scientific methods and, if necessary, of the use of mobile laboratories . . .

(17) Take all action necessary or appropriate to secure to this State the benefits of the Federal Water Pollution Control Act or the Federal Air Quality Act and any and all other Federal and State acts concerning air and water pollution control . . .

(20) Conduct investigations of conditions in the air or waters of the State to determine whether or not standards are being contravened and the origin of materials which are causing the polluted conditions . . .

(23.1) Enter at all times in or upon any property, public or private, for the purpose of inspecting and investigating conditions relating to pollution or the possible pollution of the environment of the State.

Helfrich emphasizes the language in Subsection (6) which says: [the Authority may] "conduct . . . investigations . . . if necessary, of [sic] the use of mobile laboratories." He stresses the following in subsection (20): "conduct investigations of conditions in the . . . waters of the State." Lastly, he relies on the first sentence of subsection (23.1), which authorizes the Authority to "enter at all times in or upon any property . . . for the purpose of inspecting and investigating conditions relating to pollution . . . ."

The intention of the legislature is, of course, the primary guideline followed in interpreting a statute, and an unambiguous statute, as Section 63-195.8 is, will be given effect according to the clear meaning of its language. *McMillen Feed Mills, Inc. of S. C. v. Mayer,* 265 S. C. 500, 220 S. E. (2d) 221 (1975). Section 63-195.8 is concerned with the control of pollution; Section 46-483 is concerned with the regulation of traffic. We find no conflict between the two. In none of the enumerated powers of Section 63-195.8, or in any part of the Pollution Control Act, do we find an intention to abrogate or repeal by implication the Uniform Act Regulating Traffic. We do not agree that Section 63-195.8 brought Helfrich into "compliance with law" when he stopped on the bridge. Therefore, the trial judge correctly charged the jury that Section 46-483 applied to Helfrich.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.