20618

Charles B. ADAMS, Appellant, v. CLARENDON COUNTY SCHOOL DISTRICT NO. 2, a body politic and corporate, Carl B. Ramsey, Superintendent, the following members of the Board of Trustees, R. E. Wells, Jr., Chairman, Ralph W. Bleasdale, Charles Frierson, James S. Greene, Jr., James H. Haygreen, Margery S. Linnekin, LaNelle J. Samuels, all Individually and personally, and in their official capacities, jointly and severally, and the successors in office of each, Respondents.

(241 S. E. (2d) 897)

*Craig K. Davis,* of *Medlock & Davis,* Columbia, *for Appellant,*

*Joseph O. Rogers, Jr.,* of *Rogers, Riggs & Rickenbaker,* Manning, *for Respondents,*

February 22, 1978.

*Per Curiam:*

This is an appeal from an order of the lower court sustaining the decision of the Board of Trustees for Clarendon County School District No. 2 to nonrenew appellant's teaching contract. The sole question presented is whether respondents have complied with the provisions of the 1974 Teacher Employment and Dismissal Act.[1] We find that they have and affirm.

The appellant was a classroom teacher at Manning High School when the events leading to this appeal arose. By hand delivered letter of March 10, 1976, the appellant was informed by the principal that he was not going to be recommended as a teacher for the following school year. The reasons for such action were stated in the letter, from which we quote:

1. General incompetence. Your educational level and written and oral communications are at such a low level as

---

[1] Article 5 of Chap. 25, Title 59, 1976 Code of Laws of South Carolina. This Act consists of Code §§ 59-25-410 through 59-25-530.

to render you ineffective as a Manning High School Teacher.

2. Apparent inability to comprehend and follow instructions.

3. Apparent inability to keep accurate and necessary school records.

On March 29, the principal wrote another letter to the appellant giving particulars in support of the reasons prompting his recommendation for non-renewal.[2] The appellant was advised of his right to a hearing and a hearing was held at his request. No objections have been made as to the sufficiency of this hearing. After the hearing, the appellant was advised by letter of May 7 that the board of trustees was non-renewing his contract in accordance with the principal's recommendation.

---

[2] The portion of this letter relating to the first allegation in the letter of March 10 is as follows:

When you were in my office on March 10, I told you that one reason I considered you to be incompetent was your low basic level of English—incorrect use of English, misspelled words, misuse of words, wrong tenses, etc. This can be best illustrated by comments written on report cards which have been sent to the parents of our students. Some comments are as follows:

10-14-75 "Mike have not taking his six weeks exam."
11-25-75 "Thelma average decrease a little."
"Marvin play in class too much."
"Can do better if he show more initiative."
"Can do better if he stop playing in class."
1-20-76 "Exam score pull average up."
"Fred is . . . given an effort in his class work."
Other situations are:
5- 7-75 "Envelope addressed by you to:
"Mr. C. Ramsey, Superindent."
5-30-75 Several forms turned in to office on which you wrote "loss" meaning a lost book.
10-16-75 Report card sent to you by mistake on which you wrote "not mind" and returned.

I have been in classrooms 3 or 4 times this year where you had written notes or tests on the board and had misspelled words and used the wrong English similar to those illustrations above. One teacher who followed you in a classroom last year stated that she always hurried into the room after you left so that she could erase your writing before students came in for the next class.

You are a college graduate with five years teaching experience. If you do not know basic English and cannot even spell simple four letter words, it would be impossible for me to correct you at this stage of your life.

Throughout these proceedings the appellant has never contested on the merits the grounds given for termination of his contract. His sole ground for attacking the non-renewal is failure of the respondents to comply with § 59-25-440 of the Employment and Dismissal Act. That section provides as follows:

Whenever a principal or other school administrator charged with the supervision of a teacher finds it necessary to admonish a teacher for a reason that he believes may lead to dismissal or cause the teacher not to be reemployed he shall: (1) bring the matter in writing to the attention of the teacher involved and make a reasonable effort to assist the teacher to correct whatever appears to be the cause of potential dismissal or failure to be reemployed and, (2) except as provided in § 59-25-450, allow reasonable time for improvement.[3]

The appellant contends that, with the exception of situations where immediate suspension is permitted (see § 59-25-450), compliance with § 59-25-440 is a mandatory prerequisite to dismissal of a teacher for cause.

There is no question that if § 59-25-440 is applicable to the present case, the school board has not complied with that section and the appellant would have to prevail. However, we find the section is inapplicable and hold that the appellant's termination was proper under authority of Code § 59-25-430 which provides:

Any teacher may be dismissed at any time who shall fail, or who may be incompetent, to give instruction in accordance with the directions of the superintendent, or who shall otherwise manifest an evident unfitness for teaching; *Provided, however,* that notice and an opportunity shall be afforded for a hearing prior to any dismissal. Evident unfitness for teaching is manifested by conduct such as, but not limited to, the following: persistent neglect of duty, willful viola-

---

[3] This section was amended in 1976. However, this amendment is neither applicable nor material to the issues raised on this appeal.

tion of rules and regulations of district board of trustees, drunkenness, violation of the law of this State or the United States, gross immorality, any cause involving moral turpitude, dishonesty, illegal use, sale or possession of drugs or narcotics.[4]

Although the appellant has ably argued his views with respect to the applicability of § 59-25-440, we feel he has viewed the section in isolation from the other provisions of the Employment and Dismissal Act. We cannot ignore § 59-25-430 which, too, is a part of the Employment and Dismissal Act and which was enacted at the time as the section upon which the appellant relies. It is the duty of this Court to give all parts and provisions of a legislative enactment effect and reconcile conflicts if reasonably and logically possible. *E. g., Jolly v. Atlantic Greyhound Corp.,* 207 S. C. 1, 35 S. E. (2d) 42 (1945). And, of course, where we are called upon to interpret statutes, we must be mindful of the principle that the intention of the legislature is the primary guideline to be used. *E. g., Helfrich v. Brasington Sand & Gravel Co.,* 268 S. C. 236, 233 S. E. (2d) 291 (1977).

The section upon which the appellant relies is only one facet of a comprehensive legislative scheme designed to afford the teacher safeguards against arbitrary discharge from employment while at the same time recognizing the public's legitimate interest in quality education.

A school board has long had the power to discharge teachers "when good and sufficient reasons for so doing present themselves," S. C. Code § 59-19-90(2) (1976). The Employment and Dismissal Act was not so much intended to limit this power as it was intended to prevent its abuse. As we perceive it, the Act has clearly separated the circumstances for which a teacher may be

---

[4] As with § 59-25-440, amendments have been made to this section but are neither applicable nor material to the issues raised.

discharged for cause into two categories.[5] One of these categories is explicitly set out in § 59-25-430 and the other is implicit in § 59-25-440.

Section 59-25-430 provides that a teacher may be dismissed for "evident unfitness for teaching."[6] This Section expressly authorizes dismissal "at any time", subject, of course, to the rights of notice and a hearing.

Section 59-25-440, on the other hand, while not expressly setting forth any grounds for dismissal, requires notice "in writing" and a "reasonable time for improvement" whenever a "reason [which] may lead to dismissal or cause a teacher not to be reemployed" becomes the subject of an admonition by designated school authorities. Under this section it is clear that "a reason" which may lead to the termination of employment does not become a "good and sufficient" reason (§ 59-19-90(2)) until after a reasonable time for improvement has been allowed. In other words it would seem that it is the failure to improve which constitutes the "good and sufficient" reason warranting the termination of employment.

Unless we are to attribute inconsistency to the legislature, the two sections in question must speak to different categories of grounds for dismissal. Section 59-25-430 identifies what is subject to its provisions, namely, an evident unfitness for teaching. It logically follows, then, that § 59-25-440 must address those deficiencies or shortcomings other than those which manifest an evident unfitness for teaching but which do, nevertheless, constitute improper performance of employment duties.

We turn now to the facts of the present case.

---

[5] Discharge for cause, as used here, refers to discharge for grounds other than decreases in enrollment, budgetary constraints and kindred reasons.

[6] Although this statute specifically enumerates certain deficiencies, it is clear from the language used that the designation "evident unfitness for teaching" fairly characterizes all deficiencies embraced within this section.

Although the March 10th letter to the appellant set forth three grounds as the basis for recommending termination of the appellant's employment, we deal with only the first ground since we find this ground alone was sufficient to bring the appellant under § 59-25-430 and subject him to dismissal at any time.

The first ground charged the appellant with a low level of both oral and written communication to the extent that he was rendered ineffective as a Manning High School teacher. He was further accused of "general incompetence". The principal informed the appellant in the letter of March 29 that the reason he considered the appellant "incompetent" was because of his "low basic level of English". (Specific instances supportive of this charge are set forth in footnote no. 2, above.) Not only is this allegation amply supported by the record, the appellant does not deny or contest it.

Allegations of incompetence or evident unfitness for teaching are broad terms and ones that should be closely scrutinized when offered as a ground for teacher dismissal. However, in the present case the task is simplified in that it is apparent that the appellant does not possess even a rudimentary competence in English. Deficiency in such a basic skill is proof of "evident unfitness for teaching" when one considers that the appellant is a teacher in an institution charged with the duty of imparting the very skills he lacks. The nature of the position itself dictates that, for one who occupies it, a competence in basic language skills is an indispensable tool.

Since we have found that the termination of the appellant's employment is authorized by § 59-25-430, the fact that the school board allowed him to serve out the remainder of the school year gives the appellant no cause to complain. Although the appellant sees an inconsistency in the actions of the school board in allowing him to serve out his contract even though school authorities had

been aware of his deficiencies for some time, we find that the timing of termination was solely within the discretion of the board. Section 59-25-430 expressly authorizes dismissal "at any time". Simply because the board chose to "non-renew" instead of "dismiss" does not alter the fact that the board had the power to discharge the appellant at any time after evident unfitness for teaching manifested itself. The only real distinction between "non-renewal" and "dismissal" as it bears on the facts of this case is one of when termination was to be effective—during or at the close of the school year. Given proper grounds for discharge under § 59-25-430, all that was required was prior notice and an opportunity to be heard. The appellant was accorded both.

Affirmed.