## 24261

KIAWAH RESORT ASSOCIATES, Appellant-Respondent v. The SOUTH CAROLINA TAX COMMISSION, The County of Charleston, John R. Lindsey, in his capacity as Assessor for Charleston County, W.O. Thomas, Jr., in his capacity as Treasurer for Charleston County, and the Charleston County School District, Defendants, of whom the South Carolina Tax Commission and the Charleston County School District are, Respondents, and The County of Charleston, John R. Lindsey, in his capacity as Assessor for Charleston County, and W.O. Thomas, Jr., in his capacity as Treasurer for Charleston County are, Respondents-Appellants.

(458 S.E. (2d) 542)

Supreme Court

*G. Trenholm Walker* and *D. Kay Tennyson* both of *Wise and Cole, P.A.*, Charleston, *for appellant-respondent.*

*Chief Deputy Atty. Gen. Ray N. Stevens, Deputy Atty. Gen. Ronald W. Urban,* Columbia, *for respondent South Carolina Tax Comm'n.*

*Robert N. Rosen* and *Donald B. Clark* both of *Rosen, Rosen & Hagood,* Charleston, *for respondent Charleston County School Dist.*

*A. Arthur Rosenblum,* Charleston, *for respondents-appellants.*

Heard May 3, 1995.

Decided June 19, 1995.

WALLER, Justice:

This appeal is from a circuit court order affirming the Tax Commission's denial of a refund of ad valorem taxes paid on approximately seventeen acres of undeveloped real property on Kiawah Island. We affirm.

## FACTS

Prior to 1986, the subject property was part of a larger tract of land and had an assessed value of $273,800. In 1986, after a plat marking the boundaries of the property was filed, the Charleston County Assessor increased the assessed value to $13,493,000. Ad valorem taxes for the 1986, 1987, and 1988 tax years were paid based on the value.

For the 1989 tax year, Kiawah Resort Associates (KRA) sought a reduction in the assessed value of the property pursuant to S.C. Code Ann. § 12-43-300 (Supp. 1994),[1] which provides a mechanism whereby owners can object to the assessed

---

[1] In 1993, several statutes in Title 12 of the South Carolina Code were revised by changing "Tax Commission" and "Commission" to "Department of Revenue and Taxation." In this opinion, the current statutes are cited unless materially different from the versions in effect at the time of this case.

value of their property for the current tax year. As a result of this action, the Assessor reassessed the value of the property at $5,476,000. KRA then appealed to the County Board of Assessment Appeals which affirmed the Assessor's decision to value the property at $5,476,000. Thereafter, KRA sought review by the Tax Commission. In a written decision dated November 1, 1990, the Tax Commission reversed the Board of Assessment Appeals and held the property should be assessed at $273,800 for the 1989 tax year. This decision of the Tax Commission was not appealed.

Subsequently, KRA brought the present action seeking a refund of alleged excess taxes paid on the property for the 1986, 1987, and 1988 tax years. In a written decision dated May 18, 1992, the Tax Commission denied KRA's refund request. KRA then sought judicial review of the Tax Commission's decision pursuant to S.C. Code Ann. § 1-23-380 (Supp. 1994).[2] After a hearing, the circuit court affirmed the Tax Commission's decision.

## DISCUSSION

### I.

Before the Tax Commission and the circuit court, KRA argued it was entitled to a refund for the 1986, 1987, and 1988 tax years pursuant to S.C. Code Ann. § 12-47-420 (1976) because the 1986 reassessment of the property was "an erroneous, improper or illegal assessment."[3] Specifically, KRA argued the 1986 assessment was improper because it violated S.C. Code Ann. § 12-43-210(B) (Supp. 1994).[4] In rejecting this argument, both the Tax Commission and the circuit court held that § 12-43-210(B) did not apply to tax years prior to 1989. On appeal, KRA argues this was error. We disagree.

The intent of the Legislature determines whether a statute will have prospective or retrospective application. *Jenkins v. Meares*, 302 S.C. 142, 394 S.E. (2d) 317

---

[2] Section 1-23-380 allows a party aggrieved by a final decision of an administrative agency to seek judicial review in circuit court.

[3] Section 12-47-420 states in part: Whenever after due hearing the Commission by majority vote shall determine that any tax has been paid under an erroneous, improper or illegal assessment, the Commission shall order [a refund]."

[4] Section 12-43-210(B) states in part: "No reassessment program may be implemented in a county unless all real property in the county . . . is reassessed in the same year."

(1990); *South Carolina Nat'l Bank v. South Carolina Tax Comm'n,* 297 S.C. 279, 376 S.E. (2d) 512 (1989). Here § 12-43-210(B) was enacted in 1988 as part of Act No. 381, 1988 S.C. Acts 2753. Section 6 of Act No. 381 specifically states that § 12-43-210(B) is "effective for taxable years *beginning after 1988.*" Act No. 381, § 6, 1988 S.C. Acts 2759 (emphasis added). Accordingly, both the Tax Commission and the circuit court correctly held that S.C. Code Ann. § 12-43-210(B) did not apply retroactively.

## II.

In its petition for circuit court review, KRA argued the 1986 assessment "violated state and federal constitutional guarantees to due process and equal protection," and "violated state statutory and constitutional provisions requiring assessments to be equal and uniform." The circuit court did not address these arguments because it found the arguments were not raised to or ruled on by the Tax Commission. In addition, the circuit court held that KRA's arguments concerning res judicata and collateral estoppel were not properly before it because the arguments were not raised in KRA's petition for judicial review. On appeal, KRA argues the circuit court erred by not addressing the merits of the res judicata and collateral estopped arguments and the other arguments concerning the 1986 assessment. We disagree.

In reviewing a final decision of an administrative agency under § 1-23-380, the circuit court essentially sits as an appellate court to review alleged errors committed by the agency. *See Ross v. Medical Univ. of South Carolina,* 317 S.C. 377, 453 S.E. (2d) 880 (1994) (an administrative appeal must be confined to the record except in cases of alleged irregularities in the procedure before the agency not apparent on the record); *Pringle v. Builders Transport,* 298 S.C. 494, 381 S.E. (2d) 731 (1989); *Smith v. South Carolina Dept. of Social Services,* 284 S.C. 469, 327 S.E. (2d) 348 (1985); S.C. Code Ann. § 1-23-380(A)(5) (Supp. 1994). As such, the circuit court, like this Court, has a limited scope of review, and cannot ordinarily consider issues that were not raised to and ruled on by the administrative agency. *See Cook v. South Carolina Dept. of Highways and Pub. Trans.,* 309 S.C. 179, 420 S.E. (2d) 847 (1992) (issues not ruled on by the trial court will

not be addressed on appeal); 73A C.J.S. *Public Administrative Law and Procedure* § 191 (1983) (as a general rule, questions that have not been raised or urged in the proceedings before the administrative agency will not be considered by the court on review of the order of such agency).

In this case, the Tax Commission's decision reviewed by the circuit court merely addresses whether the 1986 assessment violated § 12-43-210(B). The decision does not address any other arguments concerning the 1986 assessment and does not address KRA's arguments concerning res judicata or collateral estoppel. Therefore, the circuit court did not err in refusing to address these arguments.[5]

### III.

On appeal, KRA argues the Assessor violated S.C. Code Ann. § 12-37-90(c) (Supp. 1994) when he reassessed the property in 1986 because no physical change had occurred to the property.[6] The issue, however, was not addressed by the Tax Commission in its May 18, 1992 order (the order reviewed by the circuit court pursuant to § 1-23-380). Consequently, for the same reasons stated above, this issue in not preserved for review.

### IV.

KRA also argues the circuit court erred in finding that the Tax Commission's May 18, 1992, decision was not arbitrary and capricious since the Commission failed to follow its own

---

[5] In its brief, KRA maintains that parties would have no recourse if the Tax Commission fails to rule on an issue because there is no provision in the Tax Code or the Administrative Procedures Act, S.C. Code Ann. §§ 1-23-310 to –660 (1986 & Supp. 1994), that allows a party to make a motion to alter or amend. We disagree. If the Tax Commission fails to rule on an issue, nothing in the Tax Code or the APA prohibits or prevents a party from seeking reconsideration or requesting a rehearing. In fact, S.C. Code Ann. § 1-23-380(A)(1) (Supp. 1994) acknowledges that parties can request such a rehearing. *Cf. Bennett v. City of Clemson*, 293 S.C. 64, 358 S.E. (2d) 707 (1987) (because no statute prohibited the Board of Adjustment to rehear a matter upon which it had rendered a decision, the Court held that the Board had the power to reconsider its decisions).

[6] Section 12-37-90 states in pertinent part as follows: "The [county] assessor shall be responsible for the operations of his office and shall . . . [w]hen values change, reappraise and reassess any or all real property so as to reflect its proper valuation in light of changed conditions. . . ."

previous ruling regarding the legality of the 1986 assessment. We find no merit in this argument. The issue before the Tax Commission in KRA's original action to reduce the appraised value of the property for the 1989 tax year was whether the *1989* assessment was improper. The legality of the *1986* assessment was not an issue ruled on by the Commission in its November 1, 1990, order. Accordingly, the judgment below is

Affirmed.[7]

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

[7] We need not address the other issues raised by the parties in the appeal.