THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mark Moyers, Appellant,
 v.
 South Carolina Department of Labor, Licensing, and Regulation, Board of Chiropractic Examiners, Respondents.
 
 
 

Appeal From Charleston County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-151
Submitted March 1, 2006  Filed March 13, 2006 

AFFIRMED

 
 
 
 Mark Moyers, of Columbia, for Appellant.
 Assistant General Counsel Geoffrey R. Bonham, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Mark Moyers, a chiropractor licensed to practice in South Carolina, was convicted of willful failure to file state income tax returns in violation of section 12-54-40(b)(6)(C) of the South Carolina Code (1976)[1] for the years of 1994, 1995, and 1996.  As a result of this conviction, the South Carolina Board of Chiropractic Examiners (the Board) found Moyers violated certain provisions of the South Carolina Chiropractic Practice Act and imposed on Moyers a $750 fine, plus cost to be determined, and placed his chiropractic license on probation for one year.  The Administrative Law Judge affirmed.  The circuit court dismissed his appeal. Moyers now argues the Board acted without subject matter jurisdiction, and the circuit court erred in dismissing his appeal.  We affirm.[2]  
1.  All arguments raised by Moyers are merely conclusory statements. Consequently, Moyers abandoned his issues on appeal, and we need not consider them.  See Medical Univ. of South Carolina v. Arnaud, 360 S.C. 615, 620, 602 S.E.2d 747, 750 (2004) (failure to provide arguments or supporting authority for an issue renders it abandoned); Muir v. C.R. Bard, Inc., 336 S.C. 266, 298-99, 519 S.E.2d 583, 600 (Ct. App. 1999) (conclusory arguments may be treated as abandoned). 
2.  Moyers arguments fail on the merits as a matter of law.  First, the Board clearly had subject matter jurisdiction.  See S.C. Code Ann. §§ 40-9-30, 40-9-31, and 40-9-90 (2001).  Second, the circuit court was acting as an appellate court when it reviewed the Boards decision.  See S.C. Code Ann. § 1-23-380 (2005); S.C. Dept of Motor Vehicles v. Nelson, 364 S.C. 514, 519, 613 S.E.2d 544, 547 (Ct. App. 2005) (In reviewing a final decision of an administrative agency, the circuit court essentially sits as an appellate court to review alleged errors committed by the agency.) (citing Kiawah Resort Assocs. v. South Carolina Tax Commn, 318 S.C. 502, 505, 458 S.E.2d 542, 544 (1995)).  Accordingly, the circuit court properly dismissed Moyers appeal because he was not entitled to the relief he sought  for example, a de novo trial.   
AFFIRMED.
HEARN, C.J., ANDERSON and KITTREDGE, JJ., concur.

[1]  This section has subsequently been repealed, and the pertinent language is currently in section 12-54-44.  See 1999 Act No. 114, § 4 (eff. June 30, 1999).
[2]   We decide this case without oral argument pursuant to Rule 215, SCACR.