**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Patricia Stukes, Appellant,

v.

Lee County School District Board of Trustees, Respondents.

Appellate Case No. 2010-175166

<hr>

Appeal From Lee County
R. Ferrell Cothran, Jr., Circuit Court Judge

<hr>

Unpublished Opinion No. 2012-UP-416
Heard May 9, 2012 – Filed July 11, 2012

<hr>

**AFFIRMED**

<hr>

Elizabeth Dalzell, of Law Offices of Robert E. Lominak, P.C., of Columbia, for Appellant.

Peter Erwin Keup, of Boykin & Davis, LLC, of Columbia, for Respondent.

<hr>

**PER CURIAM:** Appellant Patricia Stukes appeals from the order of the circuit court upholding the Lee County School District Board of Trustees' decision to not renew her teaching contract for the 2008-2009 academic year. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 59-19-

90(2) (2004) (stating that the board of trustees can discharge a teacher "when good and sufficient reasons for so doing present themselves, subject to the supervision of the county board of education"); *Felder v. Charleston Cnty. Sch. Dist.*, 327 S.C. 21, 25, 489 S.E.2d 191, 193 (1997) (noting that judicial review of a school board's decision to terminate a teacher's employment is limited to determining whether the decision was supported by substantial evidence: "The court cannot substitute its judgment for that of the school board."); *Laws v. Richland Cnty. Sch. Dist. No. 1*, 270 S.C. 492, 494-95, 243 S.E.2d 192, 193 (1978) (explaining that when the issue is whether the grounds given for nonrenewal of a teacher's contract are sufficiently supported by the evidence presented at the hearing before the Board, "[c]onsistency with relevant precedent requires that the scope of judicial review be a limited one"); *id*. at 495, 243 S.E.2d at 193 (declaring that the decision of the Board should be set aside only if the allegations against the teacher are unsupported by "substantial evidence"); *Hall v. Bd. of Trs. of Sumter Cnty. Sch. Dist. No. 2*, 330 S.C. 402, 405, 499 S.E.2d 216, 218 (Ct. App. 1998) ("This court may reverse an administrative decision if that decision was 'clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record' such that the 'substantial [rights] of a party have been prejudiced.' Moreover, this court may reverse an administrative decision if substantial rights of the appellant have been prejudiced due to an error of law." (citations omitted)).

1.  As to the Trustees' failure to comply with the notification requirements of the Teacher Employment and Dismissal Act (TEADA), we find the issue is unpreserved for our review. Because Stukes failed to raise this issue prior to or during the four-day evidentiary hearing before the Trustees, the circuit court properly found Stukes was foreclosed from raising the issue on appeal. *See Kiawah Resort Assocs. v. S.C. Tax Comm'n*, 318 S.C. 502, 505, 458 S.E.2d 542, 544 (1995) (stating that issues not raised to and ruled on by the agency cannot be considered by the circuit court in its appellate capacity); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

2.  As to whether the nonrenewal of Stukes's contract was without just cause, we find substantial evidence in the Record justifies the Trustees' decision of nonrenewal. S.C. Code Ann. § 59-25-470 (2004 & Supp. 2011) ("Within ten days following the hearing, the board shall determine whether the evidence showed good and just cause for the notice of suspension or dismissal and shall render its decision accordingly, either affirming or withdrawing the notice of suspension or dismissal.").

3. As to whether the Trustees' actions violated the implied covenant of good faith and fair dealing, we find that because Stukes's employment is governed by statute, there is no basis for this argument. *See Adams v. Clarendon Cnty. Sch. Dist. No. 2*, 270 S.C. 266, 272, 241 S.E.2d 897, 900 (1978) (explaining that the Teacher Employment and Dismissal Act is "a comprehensive legislative scheme designed to afford the teacher safeguards against arbitrary discharge from employment while at the same time recognizing the public's legitimate interest in quality education").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**