**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert Watkins, #24803, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2023-000603

---

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

---

Unpublished Opinion No. 2024-UP-405
Submitted November 1, 2024 – Filed November 27, 2024

---

**AFFIRMED**

---

Robert Watkins, pro se.

Christina Catoe Bigelow, of South Carolina Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:**  Robert Watkins, pro se, appeals an order of the Administrative Law Court (ALC) affirming the South Carolina Department of Corrections' (SCDC's) final decision regarding the calculation of his sentence.  On appeal, Watkins argues the ALC abused its discretion by affirming SCDC's sentence calculation because (1) SCDC misapplied his credit for time served, (2) SCDC should have awarded his credit for time served to the armed robbery sentence first,

and (3) his conviction and sentence following his second trial violated double jeopardy protections against multiple punishments for the same offense.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the ALC did not err in finding SCDC properly calculated Watkins's projected release date.  *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *Olson v. S.C. Dep't of Health & Env't Control*, 379 S.C. 57, 63, 663 S.E.2d 497, 501 (Ct. App. 2008) (holding the ALC's order may be affirmed if supported by substantial evidence in the record).  SCDC properly credited Watkins with the time served during his initial incarceration period by calculating his sentences from his arrest date.  Watkins argues he earned double credit because the time he served was for his concurrent sentences.  However, Watkins received consecutive sentences after his second trial; therefore, SCDC was not required to credit Watkins with double the time he served.  *See* S.C. Code Ann. § 24-13-40 (2025) ("In every case in computing time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing, and may be given for any time spent under monitored house arrest.").  Thus, we affirm the ALC on this issue.

2.  We hold the ALC did not err because SCDC was not required to award Watkins credit for time served on one sentence before the other.  *See Major*, 384 S.C. at 464, 682 S.E.2d at 799 ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law."); *id.* at 469, 682 S.E.2d at 801 ("[A] notation that a sentence is 'consecutive,' for sentencing purposes, does not necessarily delineate that the particular sentence has to run last. It merely indicates that all the sentences are to run successively, and not to run at the same time.").

3.  Finally, we hold Watkins's double jeopardy argument was not preserved because the ALC did not rule on this issue in its order.  *See Kiawah Resort Assocs. v. S.C. Tax Comm'n*, 318 S.C. 502, 505, 458 S.E.2d 542, 544 (1995) (holding issues not raised to or ruled on by administrative agency will not be addressed on appeal by an appellate court).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, HEWITT, and VINSON, JJ., concur.**