**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald Ceo, #258464, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2023-001384

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2025-UP-232
Submitted June 1, 2025 – Filed July 9, 2025

———————

**AFFIRMED**

———————

Ronald Ceo, pro se.

Joseph R. Shakibanasab of Cayce, for Respondent.

———————

**PER CURIAM:** Ronald Ceo, pro se, appeals an order from the Administrative Law Court (ALC) affirming the South Carolina Department of Corrections' (SCDC's) disposition of his grievances requesting to have the requirement of Community Service Program (CSP) removed from his sentence. On appeal, Ceo argues SCDC violated the separation of powers doctrine and his right to due process by improperly imposing CSP on his sentence because the sentencing court

did not include CSP when sentencing him. We affirm pursuant to Rule 220(b), SCACR.

We hold the ALC did not err in affirming SCDC's disposition of Ceo's grievances requesting to have the requirement of CSP removed from his sentence. *See Buchanan v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 442 S.C. 393, 401, 899 S.E.2d 600, 605 (Ct. App. 2023) (explaining this court may reverse or modify the decision of the ALC "only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law"). Ceo was sentenced to thirty-five years' imprisonment for homicide by child abuse, which is a no parole offense. *See* S.C. Code Ann. § 24-13-100 (2025) ("[A] 'no parole offense' means a class A, B, or C felony or an offense exempt from classification as enumerated in [s]ection 16-1-10(D) [of the South Carolina Code (Supp. 2024)], which is punishable by a maximum term of imprisonment for twenty years or more."); § 16-1-10(D) (enumerating offenses that are exempt from classification, including the offense of causing the death of a child by abuse or neglect in violation of section 16-3-85(C)(1) of the South Carolina Code (2015)). Because Ceo was sentenced to a no parole offense, his participation in CSP is mandated by law, and Ceo has otherwise failed to show he was denied his due process by SCDC's disposition of his grievances. *See* S.C. Code Ann. § 24-21-560(A) (2025) ("[A]ny sentence for a 'no parole offense' as defined in [s]ection 24-13-100 must include any term of incarceration and completion of a community supervision program operated by the Department of Probation, Parole, and Pardon Services.").

We further hold Ceo's separation of powers argument was not preserved for review because he did not raise this argument in his grievances to SCDC or to the ALC. *See Kiawah Resort Assocs. v. S.C. Tax Comm'n*, 318 S.C. 502, 505, 458 S.E.2d 542, 544 (1995) (holding issues not raised to and ruled on by administrative agency will not be addressed on appeal by an appellate court); *Gatewood v. S.C. Dep't of Corr.*, 416 S.C. 304, 324, 785 S.E.2d 600, 611 (Ct. App. 2016) ("An issue that is not raised to an administrative agency is not preserved for appellate review . . . .").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.