22050

Ralph O. SNIPES, Respondent, v. Gordon L. McANDREW, as Superintendent of Richland County School District #1; Sam E. McGregor as Chairman of Richland County School District #1 Board of Trustees; William E. Bowman, Lynda L. Smolen, Albert L. Heyward, III, Alma W. Bryd, Isaac E. McGraw and Barbara A. Scott as members of the Richland County School District #1 Board of Trustees; and Richland County School District #1, Appellants. J. Alvin SHAW, Respondent, v. Gordon L. McANDREW, as Superintendent of Richland County School District #1; Sam E. McGregor as Chairman of Richland County School District #1 Board of Trustees; William E. Bowman, Lynda L. Smolen, Albert L. Heyward, III, Alma W. Bryd, Isaac E. McGraw and Barbara A. Scott as members of the Richland County School District #1 Board of Trustees; and Richland County School District #1, Appellants.

(313 S. E. (2d) 294)

Supreme Court

*Jean H. Toal* of *Belser, Baker, Barwick, Toal & Bender,* Columbia, *for respondent Shaw.*

*Kellum W. Allen* of *Kirkland, Taylor, Moore & Allen,* West Columbia, *for respondent Snipes.*

*Kenneth L. Childs* and *David T. Duff,* of *Childs and Duff,* Columbia, *for appellants.*

*Randall T. Bell* and *M. Elizabeth Crum,* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* and *George C. Leventis,* Columbia, *of the South Carolina School Boards Association of Columbia, amicus curiae on behalf of the South Carolina School Boards Association.*

Heard Jan. 11, 1984.

Decided Feb. 29, 1984.

GREGORY, Justice:

Appellants Gordon McAndrew, as Superintendent of Richland County School District #1, the Richland County School Board of Trustees, and Richland County School District #1 (District #1) appeal from an order of the circuit court requiring them to reinstate respondents Ralph O. Snipes and J. Alvin Shaw as principals. We reverse.

Snipes had been a principal at Alcorn Middle School for approximately ten years when he was notified that he would be reassigned to a position as assistant principal in District #1 for the next school year, 1981-82. Shaw had been a principal at John P. Thomas Elementary School for approximately fifteen years when he was notified that he would be reassigned to another certificated position in District #1 for the next school year, 1981-82.

Respondents brought separate actions seeking an order enjoining appellants from reassigning them without affording them an opportunity to be heard, and reinstating them as principals pending a hearing on the merits.

A circuit judge issued an order enjoining appellants from filling all the principalships in District #1 so as to preserve vacant at least two principalships pending a hearing on the merits. The Chief Justice of this Court superseded the order provided respondents were maintained *pendente lite* in the salary status they would have occupied had they not been reassigned.[1]

After a hearing on the merits, another circuit judge reversed appellants' reassignments of respondents and ordered that respondents be reinstated as principals. This Court superseded the order of the circuit court, continuing in effect the previous supersedeas pending disposition of the appeal.

On appeal, appellants first argue respondents were merely reassigned, not dismissed or nonrenewed, and thus were not entitled to a full, adversarial hearing. Respondents argue they were actually dismissed or nonrenewed as principals and, thus, upon dismissal or nonrenewal, were entitled to a full, adversarial hearing as provided in the Teacher Employment and Dismissal Act (the Act), S. C. Code Ann. § 59-25-460 (1976 and Cum. Supp. 1983).[2]

---

[1] Appellants had previously agreed to freeze respondents' 1980-81 salaries until the salaries of the positions to which they had been reassigned reached their salaries.

---

[2] Three previous cases regarding the Teacher Employment and Dismissal Act have been decided by this Court: *McWhirter v. Cherokee County School District*, 274 S. C. 66, 261 S. E. (2d) 157 (1979) (whether there was substantial evidence supporting dismissal, sufficient notice of charges, and need for reasonable time to correct deficiencies); *Laws v. Richland County School District No. 1*, 270 S. C. 492, 243 S. E. (2d) 192 (1978) (whether there was

Section 59-1-130 of the Code defines "teacher" as "any person who is employed either full-time or part-time by any school district either to teach or to supervise teaching." Principals, as supervisors of teachers, fit within the definition of "teacher" and would be protected by the Act.

A close reading of the Act reveals no distinction between administrative or supervisory personnel and teachers. "Where a principal is protected by the tenure statute only from dismissal as a teacher, a principal may properly be demoted to the position of a teacher." 78 C.J.S. *Schools and School Districts* § 205 (1952).[3]

It is well established that in statutory construction, words of a statute are to be given their plain meaning. *See* cases collected in 17 West's South Carolina Digest, *Statutes,* Key No. 181(1). The Act provides for a full, adversarial hearing when a teacher is dismissed or nonrenewed. §§ 59-25-420, 59-25-430, 59-25-460 of the Code. Nowhere does it provide for a full, adversarial hearing when a teacher is merely transferred, reassigned, or demoted. We are of the opinion that policy decisions concerning where an employee will best serve the school district are better left to school officials, not the courts. Unless the legislature decides to require full, adversarial hearings for teachers upon their transfer, reassignment, or demotion to another certificated position, this Court will not require such a hearing.

Next, appellants argue the circuit judge erred in finding appellants' actions in reassigning respondents without a full hearing were subject to and violative of the due process requirements of the "Evaluation System for Principals" [the plan], which was devised by District #1 in 1980.

The evidence presented at the hearing established that the plan, which provided for a three year principal's professional growth plan, was not operative for the

---

substantial evidence supporting nonrenewal of teacher's contract); *Adams v. Clarendon County School District,* 270 S. C. 266, 241 S. E. (2d) 897 (1978) (whether termination of Adam's employment was subject to the provisions of § 59-25-430 which allows dismissal at any time for evident unfitness for teaching or § 59-25-440 which provides for notice of possible dismissal and reasonable time for improvement.)

---

[3] While South Carolina has no tenure statute with respect to public school teachers, the same principle would apply to the Act, which protects all teachers from arbitrary dismissal.

1980-81 school year, the year in which respondents were notified of their reassignments. Two assistant superintendents of District No. 1 testified that approximately one-third of the principals were being evaluated under a modified version of the plan. Only the goal setting portion of the plan was operative and rather than setting three year goals, as the plan provided, the principals set one year goals. It is clear from a close reading of the plan, the correspondence detailing the reasons for respondents' reassignments, and the testimony of the assistant superintendents, the "Evaluation System for Principals" was not operative for the 1980-81 school year. Therefore, appellants were not subject to and did not violate any due process requirements of the plan.

Third, appellants argue the circuit judge erred in holding respondents had a property interest in their employment as principals. We agree.

"Property interests . . . are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents v. Roth*, 408 U. S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. (2d) 548, 561 (1972).

The trial judge found the independent sources which create and define the dimensions of respondents' claim of entitlement to their continued employment as principals were the Teacher Employment and Dismissal Act and the "Evaluation System for Principals."

As stated above, the Act makes no distinction between ■■ administrative or supervisory personnel and teachers.

Thus, while the Act does create a property interest in continued employment *as a teacher*, it does not create a property interest in continued employment as a principal.

We concluded above that the "Evaluation System for Principals" was not operative for the 1980-81 school year; therefore, it could not at that time create a property interest in continued employment as a principal.

Because of our disposition of these issues, we need not address appellants' remaining exceptions.

Accordingly, the order of the circuit court is reversed.

Lewis, C. J., and Littlejohn, Ness and Harwell, JJ., concur.