22126

LEXINGTON COUNTY SCHOOL DISTRICT ONE BOARD OF TRUSTEES, Appellant, v. Larry A. BOST, Respondent.

(316 S. E. (2d) 677)

Supreme Court

*Bruce E. Davis,* Camden, and *James B. Richardson, Jr.,* of *Ham & Richardson,* Columbia, *for appellant.*

*Jay Bender* of Belser, Baker, Barwick, Toal & Bender, Columbia, *for respondent.*

June 7, 1984.

HARWELL, Justice:

The respondent Larry A. Bost initiated this action for reinstatement to his position as head varsity boys basketball coach at Lexington High School. We reverse.

The respondent was employed by the appellant Lexington County School District One Board of Trustees in the 1978-79 school year as "teacher-coach." The next two years he entered into new contracts to serve as teacher-coach. During the 1980-81 year, he served as teacher and as head boys varsity basketball coach and girls track coach.

The respondent's coaching record was ten wins and about fifty-six losses in three years. (First year: 6-16; second year: 0-23; third year: 4-17). Immediately prior to his third year as coach, the high school principal discussed the respondent's record with him and informed him that he must improve it that year. Then, at the end of the 1980-81 basketball season

the principal again met with the respondent and informed him he would not recommend him as basketball coach the following year. The respondent's contract for 1981-82 called for his classification as teacher at the schedule salary.

The respondent filed a petition with the Lexington County Board of Education pursuant to S. C. Code Ann. § 59-19-510 (1976). The Board held after a hearing that Bost had been denied procedural protection afforded by school district policies and directed he be reinstated as coach. The school district appealed to the circuit court. Prior to the court hearing, the appellant reinstated Bost as coach of the girls track team but not as basketball coach. The circuit court agreed with the Board and ordered Bost reinstated. The appellant school district then instituted this appeal.

The appellant first contends that the circuit court erroneously applied the substantial evidence rule in according deference to the County Board's interpretation of the district's tenure policy. We agree. The substantial evidence rule applies to court review of cases brought under the Teacher Employment and Dismissal Act, S. C. Code Ann. § 59-25-410 et seq. (1976 and Cum. Supp. 1983).[1] *Law[s] v. Richland County School District No. One,* 270 S. C. 492, 243 S. E. (2d) 192 (1978). In *Law[s]*, the Court noted that educational authorities need discretion to perform their duties and that courts must not substitute their judgment for that of those authorities. In the instant case, the school district and County Board disagree. The courts must resolve the conflict. The appeal to the circuit court from the decision of the County Board of Education should have been a trial de novo in which the record of proceedings below was admitted as evidence but not accorded deference. Code § 59-19-560 (1976).

Section 59-19-560 requires the circuit judge to try these cases as equity cases. Therefore, the Supreme Court can find facts in accordance with its view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976). This Court, of course, can also correct errors of law.

---

[1] The respondent has not alleged a violation of that Act in the case at bar.

[2] The District voluntarily belongs to the South Carolina High School League, whose constitution provides that all head coaches be full-time teachers certified by the State. This membership does not control here. *See White v. Banks,* 614 S. W. (2d) 331 (Tenn. 1981).

The appellant contends that Bost's coaching responsibilities were extracurricular duties not covered by the school district policies requiring written evaluations. We agree. The Professional Personnel Tenure Policy (GBL) provides:

> The reemployment of professional personnel shall be continuous so long as the employee's performance is found satisfactory based on annual evaluation of his work, and so long as the District needs a position for which the staff member is qualified.

The policy on Evaluation of Professional Personnel (GBI) refers to "the teaching process." It requires written evaluation of "all professional staff members" and applies to "personnel who are required to hold a teacher's certificate."

The respondent contends that he, as a "teacher-coach," is a "professional staff member" who was required to be evaluated in writing before his coaching duties were terminated. We disagree. Policy GBL requires "reemployment" of professional staff members in some capacity and written evaluation of them in that capacity. The policy is satisfied here because the respondent remains employed by the district as a teacher and is evaluated in writing for his teaching ability. The evidence reveals that the respondent's duties as coach do not require a state teacher's certificate.[2] Therefore, the policy, by its terms, does not apply to coaching duties.

Furthermore, the record indicates that coaching is an extracurricular activity for which employees are separately compensated. They are paid on a ten-month rather than nine-month basis and are given a salary supplement. The District needs discretion in assigning employees to supervise these activities. Policy decisions concerning where an employee will best serve the school district are better left to school officials, not the courts. *Snipes v. McAndrew*, 313 S. E. (2d) 294, 1984.

> A teacher may be an excellent teacher, but a poor glee club director, coach or 4-H club advisor. Neither the school system nor the student should suffer from possible shortcomings in the extracurricular areas when the teacher's talents can be more suitably directed in another area.

*Maupin v. Independent School District,* 632 P. (2d) 396, 399 (Okla. 1981). Traditionally, courts allow school districts much more flexibility in the selection of coaches than in hiring and firing of teachers. *Leone v. Kimmel,* 335 A. (2d) 290 (Del. Super. 1975). In fact, the respondent acknowledged that, in his own selection and supervision of assistant basketball coaches, he made employment decisions without formal written evaluations of their performances. He further stated that he was not evaluated in writing when he was an assistant coach.

The respondent asserts that the decision of the lower court should be affirmed because he had a constitutionally protected property interest in continued employment as a coach. We disagree. Property interests are not created by the Constitution but are defined by independent sources such as state law. *Board of Regents v. Roth,* 408 U. S. 564, 92 S. Ct. 2701, 33 L.Ed. (2d) 548 (1972). Policy GBL may create a property interest in continued employment but does not create an entitlement to the extracurricular duty of coaching. *See Snipes v. McAndrew, supra.* (No property interest under Teacher Employment and Dismissal Act in continued employment as a principal.)

The judgment below is, accordingly,

Reversed.

LITTLEJOHN, C. J., NESS, and GREGORY, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.