22127

LEXINGTON COUNTY SCHOOL DISTRICT ONE BOARD OF TRUSTEES, Plaintiff-Respondent, v. Charles MAYER, Defendant-Appellant. Charles MAYER, Plaintiff-Appellant, v. LEXINGTON COUNTY SCHOOL DISTRICT ONE BOARD OF TRUSTEES, Defendant-Respondent.

(316 S. E. (2d) 677)

Supreme Court

*Jay Bender* of *Belser, Baker, Barwick, Ravenel, Toal & Bender*, Columbia, *for Charles Mayer.*

*Bruce E. Davis*, Camden, and *James B. Richardson, Jr.*, of *Ham & Richardson*, Columbia, for *Lexington County School Dist. One Board of Trustees.*

June 7, 1984.

HARWELL, Justice:

The appellant Charles Mayer seeks reinstatement as an assistant varsity football coach at Lexington High School. We affirm.

The appellant first asserts that, under school district tenure policies GBL and GBI, his employment as an assistant football coach cannot be discontinued absent an annual written evaluation. He also contends the policies give him a due process property interest. We have decided these issues adversely to the appellant's position in the case of *Lexington County School District One Board of Trustees v. Bost*, 316 S. E. (2d) 677 filed herewith.

The appellant contends the circuit court lacked jurisdiction over the school district appeal from the rein-

statement order of the Lexington County Board of Education. He argues that the portion of his case regarding discrimination in pay must be appealed under S. C. Code Ann. § 59-25-810 (1976) to the State Board of Education. However, the appellant's allegations of discrimination in pay are closely connected to his action for reinstatement involving the construction of a school policy. The circuit court properly exercised jurisdiction under the procedures of §§ 59-19-510 and 59-19-560 (1976).

We believe the appellant has proved no discrimination in pay. The school district compensates its assistant coaches in two ways. They are employed on a ten-month basis rather than on the normal nine-month basis of classroom teachers with no extracurricular duties. In addition, coaches receive an annual salary supplement. The appellant's most recent contract covers prevocational teaching but not coaching and has a nine-month term. He asserts that another prevocational teacher is paid for ten months work and that the district's refusal to employ him for ten months as a prevocational teacher is discriminatory. We disagree. The evidence reveals that the other teacher performs additional duties related to his prevocational teaching during his extra month of compensation. The appellant's discrimination claim lacks merit.

The judgment below is, accordingly,

Affirmed.

LITTLEJOHN, C. J., NESS and GREGORY, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.