24078

Spencer M. JOHNSON, Respondent v. SPARTANBURG COUNTY
SCHOOL DISTRICT NO. 7, Appellant.

(444 S.E. (2d) 501

Supreme Court

*Frank. A. Lyles* and *Herbert V. Hammett,* both of *Lyles, Hammett, Darr & Clark,* Spartanburg, *for appellant.*

*W. Allen Nickles, III* and *Richard Mark Gergel,* Columbia, *for respondent.*

Heard Nov. 2, 1993.

Decided May 23, 1994.

TOAL, Justice:

This appeal arises from the trial court's granting of a summary judgment in favor of the respondent. We affirm.

## FACTS

Respondent Spencer M. Johnson ("Johnson"), was an assistant principal employed by the Spartanburg County School District No. 7 ("School District"). Each year since 1969, Johnson was reemployed as an assistant principal at McCracken Junior High School with a 225-day contract. In partial reliance on Johnson's 22-year relationship with the School District, Johnson was also employed and received extra compensation for coordinating the rental of the McCracken Junior High School building during nonschool hours. This rental coordination position did not require that Johnson be a teacher or administrator and could be filled by anyone.

On April 15, 1991, the School District, without formal notice of action by the School District's Board of Trustees, issued Johnson a teaching contract at a different school for 190 days, thereby terminating Johnson as the assistant principal at McCracken Junior High School. Concurrently, the School District refused to reemploy Johnson as the rental coordinator of the school building. The direct result of the School District's actions was an annual financial loss to Johnson in excess of $16,000.00

On these facts, the trial court concluded that the School District violated S.C. Code Ann. § 59-25-410 (1990) in failing to reemploy Johnson as an assistant principal. The trial court further concluded that the South Carolina Teacher Employ-

ment and Dismissal Act was an integral part of Johnson's employment contract, and that the School District breached that contract. The School District appealed, and the Court of Appeals certified the case for us to decide this novel question impacting on public education.

## ISSUE
The sole issue on appeal is whether the trial court erred in granting Johnson's motion for summary judgment.

## LAW/ANALYSIS
The School District argues that the Teacher Employment and Dismissal Act ("Act"), S.C. Code Ann. §§ 59-25-410 to 530 (1990 and Supp. 1992) protects only teaching positions. South Carolina Code § 59-25-410 provides:

> [i]f the board, or the person designated by it, fails to notify a teacher who has been employed by a school district for a majority of the current school year of his status for the ensuing year, the teacher shall be deemed to be reemployed for the ensuing year and the board shall issue a contract to such teacher as though the board had employed such teacher in the usual manner.

*Id.*

The trial court held that the phrase "in the usual manner" means the contract is to contain the same terms as the previous year. The School District argues that this phrase refers to the method of contracting and not the terms of employment; i.e. if the board fails to notify a teacher, the result is as if the board had timely proceeded and employed the teacher in the normal or usual manner.

The School District attempts to support its argument by citing our previous decision in *Snipes v. McAndrew*, 280 S.C. 320, 313 S.E. (2d) 294 (1984). In *Snipes*, we addressed the issue of whether principals are protected under the Act. In *Snipes*, two principals were reassigned as assistant principals. The principals argued that they were entitled to an adversarial hearing prior to being reassigned. We held that "[w]hile the Act does create a property interest in continued employment *as a teacher*, it does not create a property interest in continued employment as a principal." *Id.* at 324, 313 S.E. (2d) at 297.

We disagree with the School District's argument because we find *Snipes* clearly distinguishable from the present case. The most significant difference is that in *Snipes*, wages were frozen at the same pay scale rate. While appellant argues that in *Snipes*, the relief was ordered *pendente lite*, we noted that:

> [a]ppellants had previously agreed to freeze respondent's 1980-81 salaries until the salaries of the positions to which they had been reassigned reached their salaries.

*Id.* at 322n. 1, 313 S.E. (2d) at 296 n. 1. The primary issue in *Snipes* was whether there was a property interest in a *position*, whereas, on the present facts, there has been an appreciable loss in *wages*.

Here, there is no separate contract for teachers and administrators, and a principal or assistant principal is protected under the Act. While *Snipes* did not address the deadline and procedure for removal, on the present facts, this issue cannot be avoided. There must be a distinction between the cases, or it renders the legislature's intent to create procedural safeguards for educators a nullity.

Johnson was never counseled in writing, and there was little evidence that he was counseled orally. He certainly was never offered an opportunity to modify offensive behavior, and he was never placed on any type of notice that he was at risk of being demoted. The facts show that a personality conflict existed between Johnson and the interim principal; however, a personality conflict cannot be enough to justify a demotion outside the procedural safeguards created by the General Assembly.

In *Snipes,* we declined to second guess a school district's personnel decisions where there was no loss of wage and the district was in compliance with the procedures outlined in the statute. Unfortunately in the present case, the School District's action resulted in the loss of wages, and was in blatant violation of the procedural protections established by the General Assembly. These differences are more than enough reason to justify an examination of the decisions made by the School District.

The School District's disregard of legislative procedures and the resulting loss of wages is significant. The monetary loss alone is a property interest which was not at issue in our

earlier decisions. *See also Lexington County School Dist. One v. Bost*, 282 S.C. 32, 316 S.E. (2d) 677 (1984) (wherein we held that a teacher does not possess a property interest in continuing employment as a coach). There can be no doubt that to allow the School District to ignore procedure and then work a financial hardship on Johnson is an injustice requiring Johnson's reemployment.

Finally, we disagree with the School District's interpretation of "in the usual manner." While the School District argues the Webster's Dictionary definition for a narrowing of the term "manner," if the phrase is read in context with the rest of the statute, then the trial judge's interpretation comports with the plain language of the statute. *Smith v. Eagle Constr. Co.*, 282 S.C. 140, 318 S.E. (2d) 8 (1994) (legislative words are to be given their plain and ordinary meaning).

The same contract for the same position is especially appropriate where the School District completely disregards procedural legislation to remove, demote, or otherwise deprive an educator of his salary or position. This does not, however, apply to the rental coordinator position which is a separate contract outside the ambit of the Act. The phrase "in the usual manner" will require that Johnson be compensated on the 225-day contract as an assistant principal.

Accordingly, we AFFIRM so much of the trial court's order which requires Johnson's reemployment under the 225-day contract as an assistant principal, REVERSE so much of the trial court's order which requires reemployment as the rental coordinator for the school building, and REMAND for a calculation of back pay and allowances in accordance with the opinion.

HARWELL, C.J., and FINNEY, J., concur.

MOORE and CHANDLER, JJ., dissenting in separate opinion.

MOORE, Justice, dissenting:

I respectfully dissent. The majority holds the phrase "in the usual manner" requires the School District to issue Johnson a contract with the same terms as the previous year and employ him as an assistant principal. I do not agree.

Legislative words are to be given their plain and ordinary

meaning. *Smith v. Eagle Constr. Co.*, 282 S.C. 140, 318 S.E. (2d) 8 (1984). "Manner" is defined as "[a] way, mode, method of doing anything, or mode of proceeding in any case or situation." BLACK'S LAW DICTIONARY at 868. (6th Ed. 1990). I would find the trial court erred in interpreting this phrase to mean Johnson is to be reemployed under the same contract terms as the previous year. Further, under the majority's interpretation, the Act is expanded to protect positions other than teaching which we have previously held are not protected by the Act. *Snipes v. McAndrew*, 280 S.C. 320, 313 S.E. (2d) 294 (1984); *see also Lexington County School Dist. One v. Bost*, 282 S.C. 32, 316 S.E. (2d) 677 (1984). I would reverse.

CHANDLER, J., concurs.