THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ernest Fleming, Respondent,
 v.
 Board of Commissioners for Florence County School District
 Three, Appellant.
 
 
 

Appeal From Florence County
 Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2009-UP-044
 Submitted January 2, 2009  Filed January
15, 2009    

AFFIRMED

 
 
 
 Chalmers C. Johnson, of Mount Pleasant, for Appellant.
 Charles J. Boykin and Karla M. Hawkins, both of Columbia, for Respondent.  
 
 
 

PER CURIAM: Florence County School District Three (District) employed
 Ernest Fleming as a teacher and a basketball coach under two separate
 contracts.  When the District declined to renew Flemings coaching contract,
 Fleming sought judicial review of the Districts decision.  Fleming now appeals
 from the circuit courts order dismissing his action against the District
 because Fleming was not aggrieved by the construction or administration of a
 school law and because Fleming lacked a constitutionally protected property
 interest in continuing to coach in the future.  We affirm pursuant to Rule
220(b), SCACR, and the following authorities.  
As to the question whether Fleming had the right to
 pursue circuit court review of the board of trustees decision:  S.C. Code §
 59-19-510 (2004) (limiting review of decisions by boards of trustees to matters
 arising from the construction or administration of the school laws); Rule
 8(a)(2), SCRCP (requiring plaintiff to plead facts showing that the pleader is
entitled to relief).  
As to the question whether Fleming possessed a
 property interest in continuing to coach in the future:  S.C. Code Ann. §
 59-25-410 (2004) (establishing procedures to protect property interest in
 teaching contracts); Johnson v. Spartanburg County Sch. Dist. No. 7, 314
 S.C. 340, 343, 444 S.E.2d 501, 502 (1994) (finding section 59-25-410 created
 property interest in teaching contract but not in non-teaching contract); Lexington
 County Sch. Dist. One Bd. of Trustees v. Bost, 282 S.C. 32, 36, 316 S.E.2d
 677, 679 (1984) (holding even if a school policy creates a property interest in
 continued employment as a teacher, it does not create an entitlement to the
 extracurricular duty of coaching); Hamilton v. Bd. of Trustees of Oconee
 County Sch. Dist., 282 S.C. 519, 524, 319 S.E.2d 717, 721 (Ct. App. 1984)
 (finding property interest in employment may come from express or implied
 contracts or from a mutual understanding, and holding abstract need or desire
or unilateral expectation insufficient to establish property interest).  
AFFIRMED.
WILLIAMS, PIEPER, and GEATHERS, JJ., concur.