705 S.E.2d 26

**Jannette HENRY–DAVENPORT, Plaintiff,**

v.

**The SCHOOL DISTRICT OF FAIRFIELD COUNTY, Defendant.**

**No. 26912.**

Supreme Court of South Carolina.

Heard Nov. 17, 2010.

Decided Jan. 18, 2011.

Rehearing Denied Feb. 16, 2011.

Glenn Walters, of Orangeburg, for Plaintiff.

Brian Quisenberry, Carol B. Ervin, and Stephen L. Brown, all of Charleston, for Defendant.

Justice KITTREDGE.

We certified the following question from the United States District Court for the District of South Carolina:

Does South Carolina law, pursuant to S.C.Code Ann. § 59–24–15, afford a certified educator employed as an administrator rights as available under the Teacher Employment and Dismissal Act when she is denied a hearing to contest her administrative demotion and salary reduction?

We answer the question, "no." [1]

## I.

### A.

Section 59–24–15 was enacted as part of the South Carolina Educational Accountability Act of 1998. Act No. 400, 1998 S.C. Acts 2416. Section 59–24–15 provides:

Certified education personnel who are employed as administrators on an annual or multi-year contract will retain their rights as a teacher under the provisions of Article 3 of Chapter 19 and Article 5 of Chapter 25 of this title *but no such rights are granted to the position or salary of administrator.* Any such administrator who presently is under a contract granting such rights shall retain that status until the expiration of that contract.

(Emphasis added).

The district court certified the question because this Court has not addressed the effect of section 59–24–15 on this Court's 1994 decision in *Johnson v. Spartanburg County School Dist. No. 7,* 314 S.C. 340, 444 S.E.2d 501 (1994). We hold the legislature, in enacting section 59–24–15, overruled *Johnson.*

### B.

By way of background, this Court interpreted the hearing requirements and procedural protections in the Teacher Employment and Dismissal Act (Teacher Act) in two cases prior to the enactment of section 59–24–15. First, in *Snipes v. McAndrew,* 280 S.C. 320, 313 S.E.2d 294 (1984), Respondents Ralph Snipes and Alvin Shaw were principals in Richland County School District One. *Id.* at 321, 313 S.E.2d at 295. Both respondents were notified that they would be demoted from their positions as principals for the 1981–82 school year, but the school district did not reduce their salaries. *Id.* at 322, 313 S.E.2d at 295–96. Neither respondent was afforded a hearing on the demotion. The respondents challenged their

---

1. We answer only the narrow legal question presented. We understand the federal court complaint contains other causes of action, which are not before us.

demotions, arguing that they were "dismissed or nonrenewed as principals" and "were entitled to a full, adversarial hearing as provided" by section 59–25–460 of the Teacher Act. *Id.*, 313 S.E.2d at 296. This Court disagreed, stating:

> The [Teacher] Act provides for a full, adversarial hearing when a teacher is dismissed or nonrenewed.... Nowhere does it provide for a full, adversarial hearing when a teacher is merely transferred, reassigned, or demoted. We are of the opinion that policy decisions concerning where an employee will best serve the school district are better left to school officials, not the courts. Unless the legislature decides to require full, adversarial hearings for teachers upon their transfer, reassignment, or demotion to another certificated position, this Court will not require such a hearing.

*Id.*, 313 S.E.2d at 296 (internal citations omitted).

In 1994, this Court decided *Johnson.* Respondent Spencer Johnson was an assistant principal in Spartanburg School District No. 7. Johnson also earned extra income from the school district by managing its facility rental. 314 S.C. at 341, 444 S.E.2d at 501. Subsequently, the school district did not renew Johnson's contract as a principal and no longer employed him as rental coordinator. *Id.*, 444 S.E.2d at 502. The nonrenewal resulted in a $16,000 pay cut for Johnson. *Id.*, 444 S.E.2d at 502.

We distinguished Johnson's case from the result in *Snipes,* noting that *Snipes* concerned a loss of position, whereas Johnson suffered a loss of wages. *Id.* at 343, 444 S.E.2d at 502. The Court held that the corresponding loss of wages was an injustice that violated the Teacher Act's procedural safeguards. *Id.* at 343–44, 444 S.E.2d at 503.

 Turning to section 59–24–15, the cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Kiriakides v. United Artists Commc'ns, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994) ("All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used.") If a statute's language is plain, unambiguous, and conveys a clear meaning, "the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges v. Rainey,* 341

S.C. 79, 85, 533 S.E.2d 578, 582 (2000). We believe the 1998 enactment—specifically the provision "but no such rights are granted to the position or salary of administrator"—is clear and manifestly reflects legislative intent to expressly exclude such rights to an administrator. *See, e.g., State v. 192 Coin-Operated Video Game Machines,* 338 S.C. 176, 188, 525 S.E.2d 872, 879 (2000) (stating that the legislature is presumed to be aware of this Court's interpretation of its statutes).

The legislature enacted section 59–24–15 after the *Johnson* decision, and the plain language of the statute directly contradicts the holding in *Johnson.* The statute plainly states that an administrator has no rights in her "position or salary," and the legislature made no exception or distinction concerning the administrator's status as a certified educator.

## II.

Pursuant to section 59–24–15, while a certified educator who is employed as an administrator on an annual or multi-year contract retains her rights as a teacher under the Teacher Act, those rights are not granted to the position or salary of administrator. We answer the certified question, "no."

**CERTIFIED QUESTION ANSWERED.**

TOAL, C.J., PLEICONES, HEARN, JJ., and Acting Justice HOWARD KING, concur.