**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1590**

_____

JANNETTE HENRY-DAVENPORT,

             Plaintiff – Appellant,

      v.

THE SCHOOL DISTRICT OF FAIRFIELD COUNTY,

             Defendant – Appellee,

      and

SAMANTHA J. INGRAM, individually and as an employee of The
School District of Fairfield County; HAROLD HEATH,
personally and as a board member of The School District of
Fairfield County; ROBERT DRAKE, personally and as a board
member of The School District of Fairfield County; HENRY
MILLER, personally and as a board member of The School
District of Fairfield County; REBECCA MCSWAIN, personally
and as a board member of The School District of Fairfield
County,

             Defendants.

_____

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Matthew J. Perry, Jr., Senior
District Judge.  (0:08-cv-03258-MJP)

_____

Argued:  September 20, 2012        Decided:  November 26, 2012

_____

Before TRAXLER, Chief Judge, DAVIS, Circuit Judge, and Max O.
COGBURN, Jr., United States District Judge for the Western
District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

————————————

**ARGUED:** Glenn Walters, Sr., Orangeburg, South Carolina, for Appellant.  Carol Brittain Ervin, YOUNG CLEMENT RIVERS, LLP, Charleston, South Carolina, for Appellee.  **ON BRIEF:** Stephen Lynwood Brown, YOUNG CLEMENT RIVERS, LLP, Charleston, South Carolina, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Janette Henry-Davenport was employed by the Fairfield County School District ("FCSD") in various capacities since 1983. At the beginning of the 2007-2008 school year, Appellant held the position of Deputy Superintendent for Human Resources and Administration for FCSD, at an annual salary of $98,036. FCSD paid Appellant her full salary through the end of the school year, but the FCSD Superintendent notified her in April 2008 that her administrative contract for the 2008–2009 school year would be at a reduced salary of $75,000. Appellant requested a hearing before the Board of Trustees but did not receive one. She was subsequently reassigned to the position of FCSD Director of Food Service.

Appellant brought this action in state court against the FCSD, alleging that the FCSD violated her statutory rights under South Carolina's Teacher Employment and Dismissal Act (the "Teacher Act"), see S.C. Code §§ 59-25-410 to -530, by demoting her and reducing her salary without a hearing. Appellant also asserted a claim under 42 U.S.C. § 1983, alleging that the FCSD's failure to provide her a dismissal hearing deprived her of due process.[*]

_____

[*] Appellant's complaint asserted other claims that are not at issue on appeal. Also, Appellant sought relief from various individual FCSD employees; the claims against the individual
(Continued)

The action was removed to federal district court and the parties filed cross motions for summary judgment. Appellant staked her position on Johnson v. Spartanburg County School District 7, 444 S.E.2d 501 (S.C. 1994), in which the South Carolina Supreme Court held that an assistant principal, despite holding an administrative rather than a teaching position, was protected under the Teacher Act. See id. at 502. In response, the FCSD argued that in 1998, the South Carolina General Assembly effectively overruled the Johnson decision when it enacted § 59-24-15 to exclude employee rights to an administrative position or particular administrative salary from the scope of the Teacher Act:

> § 59-24-15. Rights of certified education personnel employed as administrators.
>
> Certified education personnel who are employed as administrators on an annual or multi-year contract will retain their rights as a teacher under the provisions of Article 3 of Chapter 19 and Article 5 of Chapter 25 of this title but no such rights are granted to the position or salary of administrator. Any such administrator who presently is under a contract granting such rights shall retain that status until the expiration of that contract.

(emphasis added).

The District Court denied the cross motions for summary judgment pending resolution of a certified question to

defendants were dismissed, and Appellant does not challenge their dismissal on appeal.

4

the South Carolina Supreme Court: "Does South Carolina law, pursuant to S.C. Code Ann. § 59-24-15, afford a certified educator employed as an administrator rights as available under the Teacher Employment and Dismissal Act when she is denied a hearing to contest her administrative demotion and salary reduction?" Henry-Davenport v. Sch. Dist., 705 S.E.2d 26 (S.C. 2011). The South Carolina Supreme Court answered that question in the negative because Johnson had been legislatively overruled:

> [T]he legislature enacted section 59-24-15 after the Johnson decision, and the plain language of the statute directly contradicts the holding in Johnson. The statute plainly states that an administrator has no rights in her 'position or salary,' and the legislature made no exception or distinction concerning the administrator's status as a certified educator.

705 S.E.2d at 28. Subsequently, the district court granted FCSD's renewed motion for summary judgment on the ground that the State Supreme Court's disposition of the certified question defeated Appellant's claims. In so doing, the court rejected Appellant's argument that the South Carolina Supreme Court's decision regarding the certified question had an impermissible retroactive effect on her vested property rights.

On appeal, Appellant raises the same fatally deficient retroactivity argument. Appellant's argument is fundamentally flawed in a number of ways, but the most conspicuous problem is

5

that the South Carolina legislature enacted § 59-24-15 in 1998, long before the conduct at issue in this case occurred. Thus, because § 59-24-15 does not "reach conduct and claims arising before the statute's enactment," Ward v. Dixie Nat'l Life Ins. Co., 595 F.3d 164, 172 (4th Cir. 2010), there is clearly no impermissible retroactive effect in play. To the extent Appellant contends that she still retains any statutory rights pertaining to her administrative salary and position despite clear and unequivocal language to the contrary in § 59-24-15 and Henry-Davenport, we reject this argument out of hand. Appellant fails to point to any language in the Teacher Act that would support her position that the FCSD violated her statutory rights or deprived her of due process.

Accordingly, we affirm the decision of the district court.

AFFIRMED