# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Martha "Linda" Lusk, Ph.D., Appellant,

v.

Jami L. Verderosa, Respondent.

Appellate Case No. 2017-002564

---

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

---

Opinion No. 5741
Submitted June 1, 2020 – Filed July 8, 2020

---

## AFFIRMED AS MODIFIED

---

Candy M. Kern-Fuller and Peter Andrew Rutledge, both
of Upstate Law Group, LLC, of Anderson, for Appellant.

Jeffrey Carl Kull and Wesley Brian Sawyer, both of
Murphy & Grantland, PA, of Columbia, for Respondent.

---

**THOMAS, J.:**  Martha "Linda" Lusk, Ph.D., argues the trial court erred in granting summary judgment on her tortious interference with contract cause of action by ruling a school administrator's contract could effectively never be tortiously interfered with pursuant to section 59-24-15 of the South Carolina Code (2020) and the supreme court's response to a certified question in *Henry-Davenport v. School District of Fairfield County*, 391 S.C. 85, 705 S.E.2d 26 (2011).  We affirm as modified.

**FACTS**

Lusk was previously an assistant principal at West-Oak Middle School (West-Oak) in the School District of Oconee County (School District).[1]  Starting in the 2009-2010 school year, Jami L. Verderosa became the principal at West-Oak and was Lusk's supervisor for several years.[2]

Lusk alleged Verderosa engaged in a campaign to attack her reputation by making false statements and by increasing her workload.  In March 2012, Verderosa placed a disciplinary letter in Lusk's personnel file after a parent complained about comments Lusk made to their child.  Lusk filed a formal grievance with the School District, seeking the removal of the letter of reprimand from her personnel file, but the School District denied her grievance.  After her grievance was denied, Lusk claimed Verderosa continued to issue reprimands against her until the spring semester of the 2012-2013 school year.

In May 2013, the Superintendent decided to transfer Lusk to Code Academy (Code), a different school within the School District, for the next school year.[3]  Lusk agreed to remain in her position as assistant principal at West-Oak until July 1, 2013, the start of the next school year.  However, Lusk sent an email complaining about the School District, which contained confidential information, to an uninvolved staff member at the school.  Because some of the School District's complaints about Lusk were her repeated errors in sending communications to the wrong recipients and inability to handle sensitive matters, the Superintendent placed Lusk on paid administrative leave for a week and then relocated her to Code as of May 6, 2013.  Lusk continued to receive the same salary she was making at West-Oak, and her job description did not change until July 1, 2013, which was the first day of the 2013-2014 school year.  Also, as an accommodation to Lusk, the School District kept her salary for the 2013-2014 school year at the same level as that for her position as assistant principal at West-Oak even though her official job description changed to teacher for the 2013-2014 school year.  Since the 2013-2014 school year, Lusk has been employed by the School District as an adult education teacher.

---

[1]  Lusk has been employed by the School District for more than 30 years and was awarded teacher of the year numerous times.

[2]  Lusk had also applied for the position as principal.

[3]  Lusk's contract with the School District stated "all assignments are tentative and may be changed by the administration upon notice to and consultation with the Employee in accordance with Board policy."

In 2014, Lusk filed an administrative charge against the School District before the United States Equal Employment Opportunity Commission (EEOC) relating to her demotion to an adult education teacher. Lusk alleged the School District retaliated against her for filing the grievance relating to the first letter of reprimand she received from Verderosa. Lusk also claimed she was discriminated against based on her age. Verderosa was not a party to the EEOC proceeding. The EEOC administrative charge was dismissed because it was not timely filed.

Lusk then filed an action in the Oconee County Court of Common Pleas on February 24, 2016, asserting claims for defamation and tortious interference with contract. Verderosa filed a motion for summary judgment.

A hearing on Verderosa's motion for summary judgment was held on November 1, 2017. The court filed its order on November 14, 2017, granting Verderosa's motion for summary judgment. The trial court found Lusk's cause of action for defamation was barred by the two-year statute of limitations.[4] The court found Lusk's cause of action for tortious interference with contract failed because her contractual rights were not breached. This appeal follows.

**STANDARD OF REVIEW**

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences that can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Medical Univ. of S.C. v. Arnaud*, 360 S.C. 615, 619, 602 S.E.2d 747, 749 (2004). Our supreme court has established "[t]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof." *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 357-58, 650 S.E.2d 68, 71

---

[4] Lusk has not appealed this decision; thus, the judgment concerning the cause of action for defamation is now final.

(2007) (quoting *Baughman v. Amer. Tel. & Tel. Co.*, 306 S.C. 101, 116, 410 S.E.2d 537, 545-46 (1991)).

**LAW/ANALYSIS**

Lusk argues the trial court erred in granting summary judgment on her tortious interference with contract cause of action by ruling, in effect, that a school administrator's contract could effectively never be tortiously interfered with pursuant to section 59-24-15 of the South Carolina Code (2020) and the supreme court's response to a certified question in *Henry-Davenport v. School District of Fairfield County*, 391 S.C. 85, 705 S.E.2d 26 (2011). We disagree.

"The elements of a cause of action for tortious interference with contract are: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages." *Dutch Fork Dev. Grp. II, LLC v. SEL Props., LLC*, 406 S.C. 596, 604, 753 S.E.2d 840, 844 (2012).

Section 59-24-15 of the South Carolina Code (2020), "Rights of certified education personnel employed as administrators," provides:

> Certified education personnel who are employed as administrators on an annual or multi-year contract will retain their rights as a teacher under the provisions of Article 3 of Chapter 19 and Article 5 of Chapter 25 of this title but *no such rights are granted to the position or salary of administrator*. Any such administrator who presently is under a contract granting such rights shall retain that status until the expiration of that contract.

(emphasis added).

In *Henry-Davenport*, our supreme court was asked to answer the following certified question:

> Does South Carolina law, pursuant to S.C. Code Ann. § 59-24-15, afford a certified educator employed as an administrator rights as available under the Teacher Employment and Dismissal Act when she is denied a

hearing to contest her administrative demotion and salary reduction?

*Id.* at 86, 705 S.E.2d at 27.

In deciding the answer was "no," the court held:

> Pursuant to section 59-24-15, while a certified educator who is employed as an administrator on an annual or multi-year contract retains her rights as a teacher under the Teacher Act, those rights are not granted to the position or salary of administrator.

391 S.C. at 89, 705 S.E.2d at 28.  The court found *Johnson v. Spartanburg County School District 7*, 314 S.C. 340, 444 S.E.2d 501 (1994), had been legislatively overruled by section 59-24-15:

> The legislature enacted section 59-24-15 after the *Johnson* decision, and the plain language of the statute directly contradicts the holding in *Johnson*.  The statute plainly states that an administrator has no rights in her "position or salary," and the legislature made no exception or distinction concerning the administrator's status as a certified educator.

*Id*. at 89, 705 S.E.2d at 28.

In *Johnson*, the court determined an assistant principal, despite holding an administrative rather than a teaching position, was protected under South Carolina's Teacher Employment and Dismissal Act (the Teacher Act[5]).  314 S.C. at 342-43, 444 S.E.2d at 502.

In this case, the trial court found:

> At the time of her transfer, [Lusk] had an annual administrative contract for the 2012-2013 school year and was assigned to serve as the Assistant Principal at West-Oak.  Based on South Carolina Code § 59-24-15

---

[5]  *See* S.C. Code Ann. §§ 59-25-410 to -530 (2020).

and the Supreme Court's holding in *Henry-Davenport*, [Lusk] had no rights to either her position or salary as administrator. As such, even though she was transferred to a different school in May 2013, before the end of the 2012-2013 school year, her contract was not breached.

The court noted Lusk claimed she could recover for tortious interference from the time she was transferred in May 2013 until the end of that school year on June 30, 2013, and she based her claim on the last sentence of section 59-24-15, which states: "Any such administrator who *presently* is under a contract granting such rights shall retain that status until the expiration of that contract."[6] (emphasis added). However, the court held:

[T]his statutory language does not preserve [Lusk's] claim relating to the last two months of the 2012-2013 school year. This statutory language preserved the rights to the position and salary of an administrator only to those public school employees who had administrative contracts when the statute was enacted in 1998 but only until that contract expired. *See Henry-Davenport v. School District of Fairfield County*, 832 F.Supp.2d 602, 609 (D.S.C. 2011) (interpreting the last sentence to mean that if "an administrator had rights under a contract to continue as an administrator when the statute was enacted, the statute states the administrator retained those rights until the contract expired.") (emphasis added). Therefore, [Lusk] has failed to show that her transfer to a different school resulted in a breach of contract. Under South Carolina law, a public school administrator does not have the right to either the position or salary of an administrator. Instead, an administrator retains only the

---

[6] The trial court noted in a footnote that "it is undisputed that the School District continued to pay [Lusk] the same salary for the remaining two months of the 2012-2013 school year even after she was transferred to the different school." The School District also kept paying her at the same level as that for her position as assistant principal at West-Oak for the 2013-2014 school year, which was after her transfer to the position of adult education teacher at Code. Lusk testified her salary was reduced from approximately $96,000 per year to $74,000 per year beginning with the 2014-2015 school year.

rights of a teacher.  Because [Lusk] remains employed as a teacher at the School District, her contractual rights were not breached.

On appeal, Lusk argues the trial court erred in its determination that the last sentence of section 59-24-15 only amounted to a "grandfathering" clause.  She argues "in the *Henry-Davenport* case, the issue involved was that '[t]he respondents challenged their demotions, arguing they were 'dismissed or nonrenewed as principals' and, as such, 'were entitled to a full, adversarial hearing as provided' by section 59-25-460 of the Teacher Act.'"  She states "[a]t no point did Judge Perry hold the last sentence of S.C. Code Ann. § 59-24-15 was merely a 'grandfathering' provision and nothing more," and "[t]here are no other cases discussing the last paragraph of S.C. Code Ann. § 59-24-15 nor any cases interpreting S.C. Code Ann. § 59-24-15, as applied to the remaining term of the contract for the existing academic year."

Lusk argues this case is similar to *Todd v. South Carolina Farm Bureau Mutual Insurance Company*, 287 S.C. 190, 193, 336 S.E.2d 472, 473 (1985), in which the court determined the question of whether an employer's actions precipitated an employee's dismissal was a question of fact for a jury.  Thus, Lusk asserts the trial court erred in granting Verderosa's motion for summary judgment because there was a question of fact as to whether Lusk's contract was tortiously interfered with for the remaining term of the 2012-2013 school year.

Lusk also argues on appeal that the trial court erred in finding she could not sustain a cause of action for tortious interference with contract because she remained as a teacher with the School District and, therefore, her contract had not been "breached."  Lusk argues she was put on administrative leave for the remainder of the 2012-2013 school year as a result of Verderosa's actions and she was prohibited from returning to the school she had worked at since before Verderosa arrived at the School District.  Therefore, Lusk asserts that whether Verderosa proximately caused the School District to abandon its administrator relationship with Lusk was a question for the jury to determine and was not appropriate for summary judgment.

Based on our review of the record, we find Lusk's own actions precipitated the District's decision to place her on administrative leave for the remaining two months of the 2012-2013 school year, and Lusk failed to prove the first element of a cause of action for tortious interference with contract—the existence of a valid contract guaranteeing her a right to the position and salary of an administrator.

*Henry-Davenport* held a public school administrator does not have the right to either the position or salary of an administrator and retains only the rights of a teacher. 391 S.C. at 89, 705 S.E.2d at 28. Thus, the trial court did not err in granting summary judgment to Verderosa on the cause of action for tortious interference with contract.

**CONCLUSION**

Accordingly, the decision of the trial court is

**AFFIRMED AS MODIFIED.**[7]

**HUFF and MCDONALD, JJ., concur.**

---

[7] We decide this case without oral argument pursuant to Rule 215, SCACR.