**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andrew HaLevi, Ph. D., Appellant,

v.

Charleston County School District, Respondent.

Appellate Case No. 2020-001460

———————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-041
Submitted October 2, 2023 – Filed January 31, 2024

———————

**AFFIRMED**

———————

Lucy Clark Sanders and Nancy Bloodgood, both of Bloodgood & Sanders, LLC, of Mt. Pleasant, for Appellant.

Eugene Hamilton Matthews, of Richardson Plowden & Robinson, PA, of Columbia, for Respondent.

———————

**PER CURIAM:** Andrew HaLevi (Dr. HaLevi) appeals the circuit court's grant of summary judgment to Charleston County School District (the District) on his claims of defamation, violation of due process, and breach of the covenant of good faith and fair dealing. We affirm summary judgment.

**FACTS/PROCEDURAL HISTORY**

In 2009, the District hired Dr. HaLevi for the position of "Program Coordinator" at Septima Clark Academy (Clark Academy). The District classified the job as an "Assistant Principal Level 3 Grade 13 Step 16." On April 12, 2016, the District sent Dr. HaLevi a letter wherein it characterized his position at Clark Academy as "Associate Principal."

In April 2016, a female Clark Academy student violated the dress code, and Dr. HaLevi's actions regarding the incident attracted public attention. The student sued Dr. HaLevi and the District. Dr. HaLevi was placed on administrative leave, and the Post and Courier newspaper published an article titled "Clark Academy Principal Placed on Leave." Another article in The Chronicle quoted "county school board member" Chris Collins as saying "I think [Dr. HaLevi] just got mad . . . I think he should be fired, but I don't think there is board support to do that." In deposition testimony, Collins said he did not speak for the District.

Dr. HaLevi wrote a letter to the Post and Courier after the incident. He noted that educators were prohibited by law from commenting on ongoing disciplinary issues. He discussed the challenges that he and the staff at Clark Academy encountered in dealing with at-risk students. He stated that "each student we fail to reach is a tragedy for the entire Charleston community."

The District investigated the dress code incident and made findings in a confidential report on April 29, 2016, concluding that Dr. HaLevi did not act appropriately. The District recommended that Dr. HaLevi be suspended, dismissed, or removed from Clark Academy.

Dr. HaLevi sent numerous letters to various District officials and eventually followed the grievance process whereupon the District classified his complaints as a grievance and responded to it. It appears the District sent Dr. HaLevi a new "draft" grievance procedure in November 2016. In May 2017, after reviewing the grievance and all information regarding the dress code incident, the District Superintendent (the Superintendent) found that Dr. HaLevi did not exercise good judgment. The Superintendent noted that Dr. HaLevi's handling of the dress code incident alone was sufficient to warrant his reassignment. To rebut Dr. HaLevi's claims that the District had not kept him apprised of his employment status, she outlined four instances of communication between April 24, 2016, and July 28, 2016, from the District to Dr. HaLevi about his status in the District. Dr. HaLevi

was neither terminated from the District nor suspended without pay. He left the District in 2017.[1]

Dr. HaLevi sued the District for defamation, a due process violation, and breach of the covenant of good faith and fair dealing. The circuit court granted summary judgment to the District on all claims, and this appeal followed.

**ISSUE ON APPEAL**

Did the circuit err in granting summary judgment to the District?

**STANDARD OF REVIEW**

"Rule 56(c) of the South Carolina Rules of Civil Procedure provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 297 (2023) (quoting Rule 56(c), SCRCP). "When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Callawassie Island Member Club, Inc. v. Martin*, 437 S.C. 148, 157, 877 S.E.2d 341, 345 (2022).

**LAW/ANALYSIS**

**I.    Defamation and Defamation by Innuendo**

Dr. HaLevi argues a jury "could find that [the District's] actions clearly inferred that [Dr. HaLevi] was unfit for his job. His complaint contended the District defamed him by placing him on leave, by not defending him in the press as they had done for other employees, and by demoting him.

> In order to prove defamation, the plaintiff must show (1)
> a false and defamatory statement was made; (2) the
> unprivileged publication was made to a third party; (3)
> the publisher was at fault; and (4) either actionability of
> the statement irrespective of special harm or the
> existence of special harm caused by the publication.

---

[1] Dr. HaLevi currently lives and works in Israel.

*Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006).

> To render [a] defamatory statement actionable, it is not necessary that the false charge be made in a direct, open and positive manner. A mere insinuation is as actionable as a positive assertion if it is false and malicious and the meaning is plain. Statements therefore may be either defamatory on their face, or defamatory by way of innuendo. Innuendo is extrinsic evidence used to prove a statement's defamatory nature. It includes the aid of inducements, colloquialisms, and explanatory circumstances.

*Fountain v. First Reliance Bank*, 398 S.C. 434, 441–42, 730 S.E.2d 305, 309 (2012).

We find the evidence and all reasonable inferences do not show a genuine issue of material fact as to whether the District defamed Dr. HaLevi by innuendo. Dr. HaLevi has not shown that the District was under any obligation to comment on his behalf, regardless of whether it chose to speak on other issues in the past. Dr. HaLevi's other claims outlined above relate to internal administrative findings and were not "mere insinuations" and were not "false and malicious" with a plain meaning. The District investigated Dr. HaLevi's handling of the dress code violation and sent him communications and findings regarding that investigation. These communications and findings were not available to the public, do not correspond to the *Erickson* or *Fountain* factors outlined above, and were not defamatory.

The circuit court also found that the District was not a proper defendant regarding statements made by board member Chris Collins. The circuit court also found Dr. HaLevi was a public official and barred from asserting a defamation claim against the District under the South Carolina Tort Claims Act.

Dr. HaLevi argues that Chris Collins made defamatory statements in his official capacity as a board member of the District. He contends Collins's testimony that he did not act as the District's agent at the time the statements were made is irrelevant. We disagree.

"[A] principal may be held liable for defamatory statements made by an agent acting within the scope of his employment or within the scope of his apparent authority." *Murray v. Holnam, Inc.*, 344 S.C. 129, 139, 542 S.E.2d 743, 748 (Ct. App. 2001). Here, Collins claimed he did not speak for the District. We agree. The statement Dr. HaLevi relies on in making his defamation claim against the District consists chiefly of Collins's own thoughts about the incident. The words "I think" appear multiple times in the quotation. Collins states that he is expressing his opinion that Dr. HaLevi should be fired, before he goes on to express his belief that there is not board support for that action. These comments aptly demonstrate that Collins was not acting within the authority of the board. Because Collins made the underlying comments outside the scope of his official capacity as a board member, there is no genuine dispute that the statement was improperly attributed to the board. On its face, this statement cannot be actionable as defamation against the District, regardless of whether Dr. HaLevi is a public official, because Collins was acting in an individual capacity.

## II.    Violation of Due Process Rights

Dr. HaLevi argues the circuit court erred in relying on *Foreman v. Griffith*[2] and *Johnson v. Morris*[3] in finding he could not bring an action for a violation of his due process rights. He contends that unlike the cases cited by the circuit court, he was "placed on administrative leave for months and not given any chance to present his grievance to the Board." Additionally, Dr. HaLevi avers his liberty interest in his name and reputation was violated when CCSD refused to grant him a hearing before the Board to clear his name. We disagree.

The record shows that Dr. HaLevi and the District communicated with each other during the investigation of the dress code violation incident and that Dr. HaLevi filed a grievance with the District. The District and Dr. HaLevi followed grievance procedures, and the Charleston County School District Board of Trustees informed Dr. HaLevi that it considered his grievance and denied it. Dr. HaLevi argues that part of due process is a party's right to notice and opportunity to be heard, which "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Here, we find the record shows Dr. HaLevi was granted plentiful opportunity to be heard in a meaningful way, and we agree with the circuit court's finding that Dr. HaLevi did not demonstrate that he was deprived of due process. *See Young. v. Charleston Cnty. Sch. Dist.*, 397 S.C. 303, 310, 725

---

[2] 81 F. App'x 432 (4th Cir. 2003).
[3] 903 F.2d 996 (4th Cir. 1990).

S.E.2d 107, 110 (2012) ("[W]e find that a meaningful review requires some showing that the Board made an informed decision based on the evidence presented by both parties.").

## III.    Breach of Covenant of Good Faith and Fair Dealing

Dr. HaLevi argues the circuit court erred in finding he could not bring an action for breach of covenant of good faith and fair dealing because the District breached his employment contract by failing to follow its own policies.[4]  The circuit court found Dr. HaLevi did not allege that the District fired him and he merely alleged the District "did not do what he wanted it to do."  The circuit court found Dr. HaLevi did not allege a breach of contract, and failed to show "anything in the contract, the record, or in law that gives him the right to direct how the [District conducted] investigations . . . or responds to the findings of the investigations."  We agree with the findings of the circuit court.

Dr. HaLevi contends the District breached the contract he signed on April 15, 2016, titled "Contract for Certified Administrator" (the Contract).  The Contract states that "whenever it is deemed in the best interest of the District, the Superintendent may reassign, upon notice to and in consultation with the affected employee, consistent with S.C. Code Ann. 59-24-15."  Dr. HaLevi stated in his complaint that the District breached the Contract by its failure to "publicly support Dr. HaLevi in his administrator position, its failure to properly investigate the bus incident, its failure to publicize accurate facts about the bus incident, its refusal to restore Dr. HaLevi to his administrator position, and its failure to correct the public record and restore Dr. HaLevi's reputation."

As noted above, the District was under no obligation, contractual or otherwise, to publicly support Dr. HaLevi in relation to the dress code incident.  The Contract

---

[4] Additionally, he contends the Department of Education's (the Department's) order presents a genuine issue of fact as to whether the District followed its own polices and breached the duty of good faith and fair dealing.  The Department's order states "admittedly, HaLevi's judgment . . . was flawed."  The order also states his actions did not rise to "the level of inappropriate or unprofessional conduct."  However, the Department investigation that led to the order was to determine whether action should be taken against his educator certificate.  We find the order is not relevant to our inquiry because it dealt with whether he should be allowed to be an educator in South Carolina, not whether he should be employed by the District.  In fact, the District did *not* fire Dr. HaLevi.

specifically states the Superintendent could reassign Dr. HaLevi whenever it was deemed to be in the District's best interest.  The District investigated the dress code incident and decided to reassign Dr. HaLevi.  This administrative decision was not a breach of contract and was within the District's statutory and contractual power. *See* S.C. Code Ann. § 59-24-15 (2020) ("Certified education personnel who are employed as administrators on an annual or multi-year contract will retain their rights as a teacher . . . but no such rights are granted to the position or salary of administrator."); *Snipes v. McAndrew*, 280 S.C. 320, 323, 313 S.E.2d 294, 296 (1984) ("We are of the opinion that policy decisions concerning where an employee will best serve the school district are better left to school officials, not the courts.").

**CONCLUSION**

Based on the foregoing analysis, the circuit court's order is **AFFIRMED.**[5]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.